UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
98 FEB 17 AM 8:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

CLINT FRANKLIN AND            )
JUDGE BEVERLY MITCHELL FRANKLIN )
                              )
     Plaintiffs,              )
                              )
vs.                           )   Civil Action No. CV98-S-0257-NW
                              )
COLLINWOOD HIGH SCHOOL, et al. )
                              )
     Defendants.              )

ENTERED
FEB 17 1998

MEMORANDUM OPINION

Plaintiffs are Mississippi residents who own property known as "Dismal's Canyon" in Franklin County, Alabama. They claim that defendants Shannon Hinton and Jay Calton were students at Collinwood High School in Collinwood, Tennessee, who damaged real and personal property during a field trip to Dismal's Canyon. Defendant Herbert Luker is the principal of Collinwood High School, and defendant Paula Coggins is the teacher who allegedly supervised Hinton and Calton during the field trip.

Plaintiffs commenced this action in the Circuit Court of Franklin County, Alabama on December 22, 1997. Defendants Luker and Coggins were served on January 6, 1998. They removed the action to this court, with the consent of defendants Hinton and Calton, on February 4, 1998, alleging diversity of citizenship under 28 U.S.C. § 1332. Upon receipt and review of defendants' removal materials, this court finds that jurisdiction is lacking, and the action is due to be remanded to the Circuit Court of Franklin County, Alabama.

Federal courts are forums of limited jurisdiction. *E.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, they possess the power to hear only those cases and controversies authorized by Congress or the Constitution. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675 (citation omitted).

Any civil action filed in state court may be removed by the defendant or defendants to federal court if the case originally could have been filed in the federal forum. 28 U.S.C. § 1441(a). A district court has original jurisdiction over all cases where the controversy is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) & (a)(1).

The burden of proving the requisite amount in controversy rests with the removing defendants. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); *Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 403 (M.D. Ala. 1995). Where plaintiffs have specifically claimed <u>less than</u> the jurisdictional amount in their state court complaint, the removing

2

defendants must show to a "legal certainty" that plaintiffs would not recover less than $75,000, if they prevailed. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. ... Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specific demand of damages and signed by a lawyer was due deference and a presumption of truth. ... We concluded the defendant's burden was a "heavy one" and the legal certainty standard was therefore appropriate. ... Any lesser burden would impermissibly expand federal diversity jurisdiction. ...

*Tapscott*, 77 F.3d at 1356 (citing *Burns*, 31 F.3d at 1095-97).

The rule is different in cases where plaintiffs do <u>not</u> claim a specific amount of damages.

> Where a plaintiff has made an <u>unspecified demand</u> for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. Nevertheless, a defendant's ability to remove a state case to federal court is not unfettered. The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a preponderance of the evidence standard. As the *Gafford* Court stated:
>
>> It does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. On the other end of the spectrum, requiring the defendant to prove that the amount in controversy "may" meet the federal requirement would effectively force the plaintiff seeking remand to prove in rebuttal that only a relatively small amount of damages is legally possible.

3

> *Gafford*, 997 F.2d at 159 (footnote omitted). Thus, we
> hold where a plaintiff has made an unspecified demand for
> damages in state court, a removing defendant must prove
> by a preponderance of the evidence that the amount in
> controversy more likely than not exceeds the $50,000
> jurisdictional requirement.

*Tapscott*, 77 F.3d at 1357 (citing *Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993)).

Here, the amount in controversy is not apparent from the face of plaintiffs' complaint. They seek only:

> (b) That Defendants be made to pay compensatory, actual,
> general, specific, punitive and monetary damages in a
> dollar amount to be determined by a struck jury; [and]
>
> ...
>
> (d) Any and all other more general and specific damages
> this Honorable Court or a struck jury may find mete and
> proper in the premises.

(Complaint at 6.) Thus, the removing defendants must prove by a preponderance of the evidence that those demands, if plaintiffs prevailed at trial, more likely than not would yield a recovery in excess of the $75,000 jurisdictional requirement.

Defendants attempt to meet that burden with the conclusory assertion that "[t]he amount in controversy in this matter exceeds the sum or value of $75,000.00, exclusive of interest and costs." (Defendants' Notice of Removal at 2.) That bald-faced assertion falls far short of **proving** the jurisdictional amount by a preponderance of the evidence. Indeed, it has no evidentiary value at all.

4

Accordingly, the court finds that defendants have not shown by a preponderance of the evidence that plaintiffs' recovery, if they prevail, more likely than not will exceed $75,000. Thus, jurisdiction in this court is not proper. The action is due to be remanded to state court. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 17th day of February, 1998.

                                                United States District Judge